# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| RICHARD MATTHEW TRICE, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:22-cv-00086-DDN |
| BUTLER COUNTY JAIL ADMINISTRATOR, | ) ) ) ) |
| Respondent. | ) ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Richard Matthew Trice's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the Court will order petitioner to show cause as to why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

## **Background**

Petitioner is a self-represented litigant who is currently incarcerated at the Butler County Jail in Poplar Bluff, Missouri. On July 13, 2018, an information was filed charging him with resisting arrest and leaving the scene of an accident. *State of Missouri v. Trice*, No. 18BT-CR00848-01 (36th Jud. Cir., Butler County).[1] On January 19, 2021, petitioner pled guilty to both counts. Pursuant to a plea agreement, he was sentenced that same day to 6 years' imprisonment on both counts, the sentences to run concurrently. Petitioner did not file a direct appeal or any postconviction motions.

---

[1] Petitioner's underlying state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Petitioner submitted the instant petition on June 13, 2022, by placing it in his institution's mailing system.[2]

## The Petition

Petitioner brings his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It is handwritten on a Court-provided form, and asserts four grounds for relief.

First, petitioner alleges a violation of the Sixth Amendment. (Docket No. 1 at 4). Specifically, he contends that certain motions were not heard, that his preliminary hearing was not recorded, that a witness was not brought to his preliminary hearing, and that there were continuous delays.

Second, petitioner states that he received biased treatment from his judge, based on the judge's purported statement that what he said goes. (Docket No. 1 at 6).

Third, petitioner asserts that he suffered from medical neglect, and that a "nurse was being bias[ed] to [his] medical condition." (Docket No. 1 at 7).

Finally, petitioner alleges cruel and unusual punishment with regard to his bond. (Docket No. 1 at 9). In particular, he notes that there were continuous delays in his bond motions, that "court dates were misunderstood," and that the court "set [the] wrong dates."

There is no indication in the petition that petitioner filed a direct appeal or any postconviction motions. He makes a fleeting reference to a "Form 40 sent from MODOC," but provides no case numbers except for the case that he is challenging. That is, in the sections of the form petition for indicating the case number for his appeal and postconviction proceedings, petitioner refers only to "18BT-CR00848."

In the timeliness section of the form petition, petitioner notes that he is a layman, that he "was dealing with [his] wife[']s murder, and that he "just found out about habeas as of 6-13-2022." (Docket No. 1 at 12).

Petitioner closes his petition by asking the court to dismiss 18BT-CR00848 and to parole him. He also seeks expungement of his record.

## Discussion

---

[2] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

2

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for preliminary review of a 28 U.S.C. § 2254 petition before directing the respondent to answer. Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk of court to notify the petitioner." Having reviewed the petition and the underlying state court action, and for the reasons discussed below, it appears that this petition is untimely. Therefore, petitioner will be ordered to show cause as to why his petition should not be dismissed.

### A. Timeliness

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a direct appeal, judgment becomes final ten days after a sentencing that disposes of all counts pending against the prisoner. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); Mo. S.Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final"); and *State v. Waters*, 597 S.W.3d 185, 189 (Mo. 2020) (explaining that "[a] judgment of conviction is not final so long as any count in an indictment or information remains pending before the circuit court").

3

In this case, as noted above, petitioner was sentenced on January 19, 2021. He did not file a direct appeal. Therefore, petitioner's judgment became final ten days later, on January 29, 2021, when his time for seeking appellate review expired. From that date, petitioner had one year to timely file a 28 U.S.C. § 2254 petition for writ of habeas corpus. That period ended on January 31, 2022.[3] Petitioner did not file the instant action until June 13, 2022, four months and thirteen days after the one-year statute of limitations had already terminated.

The Court notes that the AEDPA's statute of limitations tolls while state post-conviction proceedings are pending. *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). To that end, an application for post-conviction relief "is pending as long as the ordinary state collateral review process is in continuance – i.e., until the completion of that process." *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). However, petitioner has not provided the case number for any postconviction case. Furthermore, based on the Court's own review of his records on Case.net, there is no indication that petitioner filed a postconviction motion stemming from his conviction in *State of Missouri v. Trice*, No. 18BT-CR00848-01 (36th Jud. Cir., Butler County). As such, it does not appear that petitioner is entitled to any tolling of his one-year limitations period.

### B. Order to Show Cause

As previously noted, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a 28 U.S.C. § 2254 petition if it plainly appears that the petitioner is not entitled to relief. In this case, it appears that petitioner's petition is time-barred, as he filed it four months and thirteen days after the expiration of the one-year statute of limitations period.

Before dismissing a habeas action as time-barred, the Court must provide notice to the petitioner. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). Therefore, the Court will order petitioner to show cause, in writing and not later than thirty (30) days from the date

---

[3] One year from January 29, 2021 is Saturday, January 29, 2022. When the last day of a time period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). As such, petitioner's limitations period ended on Monday, January 31, 2022.

of this order, as to why this action should not be dismissed as untimely. Petitioner should address any perceived error in the Court's calculation of his limitations period, as well as the issue of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (explaining that a petitioner seeking equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing").

### C. Motion for Leave to Proceed in Forma Pauperis

Petitioner has filed a motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner shall show cause in writing and within **thirty (30) days** of the date of this order as to why the Court should not dismiss the instant 28 U.S.C. § 2254 petition for writ of habeas corpus as time-barred.

**IT IS FURTHER ORDERED** that petitioner's failure to file a show cause response within **thirty (30) days** of the date of this order will result in the denial of the instant habeas corpus petition and the dismissal of this action without further proceedings.

_/s/   David D. Noce_
**UNITED STATES MAGISTRATE JUDGE**

Signed on July 5, 2022.