**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD MATTHEW TRICE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00086-DDN |
| | ) | |
| BUTLER COUNTY JAIL | ) | |
| ADMINISTRATOR, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of petitioner Richard Matthew Trice's response to the Court's order to show cause. (Docket No. 5). Having reviewed the response, and for the reasons discussed below, the Court will deny petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus, and dismiss this action is time-barred.

### Background

Petitioner is a self-represented litigant who is currently incarcerated at the Butler County Jail in Poplar Bluff, Missouri. On July 13, 2018, an information was filed charging him with resisting arrest and leaving the scene of an accident. *State of Missouri v. Trice*, No. 18BT-CR00848-01 (36th Jud. Cir., Butler County).[1] On January 19, 2021, petitioner pled guilty to both counts. Pursuant to a plea agreement, he was sentenced that same day to 6 years' imprisonment on both counts, the sentences to run concurrently. Petitioner did not file a direct appeal or any postconviction motions.

---

[1] Petitioner's underlying state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Petitioner submitted the instant petition on June 13, 2022, by placing it in his institution's mailing system.[2] The petition was handwritten on a Court-provided 28 U.S.C. § 2254 petition for writ of habeas corpus form, and asserted four grounds for relief.

First, petitioner alleged a violation of the Sixth Amendment. (Docket No. 1 at 4). Specifically, he contended that certain motions were not heard, that his preliminary hearing was not recorded, that a witness was not brought to his preliminary hearing, and that there were continuous delays.

Second, petitioner stated that he received biased treatment from his judge, based on the judge's purported statement that what he said goes. (Docket No. 1 at 6).

Third, petitioner asserted that he suffered from medical neglect, and that a "nurse was being bias[ed] to [his] medical condition." (Docket No. 1 at 7).

Finally, petitioner alleged cruel and unusual punishment with regard to his bond. (Docket No. 1 at 9). In particular, he noted that there were continuous delays in his bond motions, that "court dates were misunderstood," and that the court "set [the] wrong dates."

There was no indication in the petition that petitioner filed a direct appeal or any postconviction motions. He made a fleeting reference to a "Form 40 sent from MODOC," but provided no case numbers except for the case that he was challenging. That is, in the sections of the form petition for indicating the case number for his appeal and postconviction proceedings, petitioner referred only to "18BT-CR00848."

In the timeliness section of the form petition, petitioner noted that he was a layman, that he "was dealing with [his] wife[']s murder, and that he "just found out about habeas as of 6-13-2022." (Docket No. 1 at 12).

---

[2] "[A] pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court." *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999).

Petitioner closed his petition by asking the court to dismiss 18BT-CR00848 and to parole him. He also sought expungement of his record.

The Court reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. (Docket No. 4). Based on that review, the Court determined that petitioner's 28 U.S.C. § 2254 petition was untimely. More particularly, the Court explained that his one-year limitations period ended on January 31, 2022, but he did not file his petition until June 13, 2022.

Before dismissing his habeas action as time-barred, the Court was required to provide petitioner with notice and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). As such, on July 5, 2022, the Court directed petitioner to show cause within thirty days as to why his petition should not be dismissed as untimely. Petitioner was advised to address any perceived error in the Court's calculation of his limitations period, as well as the issue of equitable tolling.

The Court received petitioner's response on July 14, 2022. (Docket No. 5).

**Petitioner's Show Cause Response**

Petitioner's show cause response does not take issue with the Court's calculation of his one-year limitations period under 28 U.S.C. § 2244(d)(1). Instead, he puts forth a series of unconnected allegations in an apparent attempt to support equitable tolling.

First, petitioner asks the Court "to acknowledge [that he] filed [a] Form 40 from Bonne Terre Correctional Center," but that no one ever "responded to [him]." (Docket No. 5 at 1).

Second, petitioner asserts that he "suffered two deaths in his family [in] 2020." By way of further explanation, he states that in mid-2020, while in the Butler County Jail, petitioner received notice of a "family emergency." When he called the provided number, someone threatened to

3

"murder [his] wife." A month later, petitioner's wife was murdered, whereupon a correctional officer allegedly taunted him by "explaining [where] she was shot, [and] showing [him a] map of [the] place" where her body was found. (Docket No. 5 at 2). Petitioner states that he has "suffered mental issues" from his wife's death, as well as the murder of his cousin half-a-month later. He further states that he has "been through the most heartache a person can" experience, that he was "never prepared for harm like that in [his] life," and that the murders have not been solved.

Third, petitioner claims that he was "notified about habeas" only "recently," and that when he received this notification, he "requested relief."

Fourth, petitioner asserts that he has struggled "with emotions and extreme [prejudicial] treatment," and complains that his attorney withdrew from his criminal case on March 10, 2020, telling petitioner that his "rights were very much violated." In particular, he argues that he filed pro se motions in his criminal case that were not heard by the circuit court. (Docket No. 5 at 2-3). Indeed, petitioner contends that he "filed motions all through" his criminal case, but that he was advised to take a plea deal to avoid being sentenced as a prior and persistent offender. (Docket No. 5 at 4). He also states that he wrote to the Missouri Supreme Court to show that his rights were violated. (Docket No. 5 at 3).

In short, due to his "extreme emotional suffering" and "family problems," petitioner asks the Court to "acknowledge facts and correct [the] proceedings." (Docket No. 5 at 4).

### Discussion

Petitioner is a self-represented litigant who has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 5, 2022, the Court ordered him to file a show cause response as to why his petition should not be dismissed as time-barred. Having received and reviewed

petitioner's response, and for the reasons discussed below, the Court will deny and dismiss the instant petition.

**A. Timeliness**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). For Missouri prisoners who do not file a direct appeal, judgment becomes final ten days after a sentencing that disposes of all counts pending against the prisoner. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking direct review); Mo. S.Ct. R. 81.04(a) ("No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment, decree, or order appealed from becomes final"); and *State v. Waters*, 597 S.W.3d 185, 189 (Mo. 2020) (explaining that "[a] judgment of conviction is not final so long as any count in an indictment or information remains pending before the circuit court").

In this case, as noted above, petitioner was charged with resisting arrest and leaving the scene of an accident. He was sentenced on both counts on January 19, 2021. Petitioner did not file

a direct appeal. Therefore, his judgment became final ten days later, on January 29, 2021, when his time for seeking appellate review expired. From that date, petitioner had one year to timely file a 28 U.S.C. § 2254 petition for writ of habeas corpus. That period ended on January 31, 2022.[3] Petitioner did not file the instant action until June 13, 2022, four months and thirteen days after the one-year statute of limitations had already terminated. Therefore, the petition is untimely.

## B.  Postconviction Tolling

The Court notes that the AEDPA's statute of limitations tolls while state post-conviction proceedings are pending. *See Maghee v. Ault*, 410 F.3d 473, 475 (8th Cir. 2005). *See also* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). To that end, an application for post-conviction relief "is pending as long as the ordinary state collateral review process is in continuance – i.e., until the completion of that process." *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002).

To explain further, state post-conviction relief proceedings are pending for the period between the trial court's denial of the post-conviction relief and the timely filing of an appeal from it. *Peterson v. Gammon*, 200 F.3d 1202, 1203 (8th Cir. 2000) (stating that the "ordinary meaning of the word 'pending'…includes the entire period during which a notice of appeal from a denial of post-conviction review would be timely, assuming such a notice was in fact filed"). However, "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." *Painter v.*

---

[3] One year from January 29, 2021 is Saturday, January 29, 2022. When the last day of a time period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). As such, petitioner's limitations period ended on Monday, January 31, 2022.

*Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). This is true even if the post-conviction petition was timely under state law. *See Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-54 (8th Cir. 2003).

In this case, petitioner would be entitled to tolling for any period during which a properly filed postconviction proceeding was pending in state court. However, petitioner has not provided the case number for any postconviction case. Moreover, based on the Court's own review of petitioner's records on Case.net, there is no indication that petitioner filed a postconviction motion stemming from his conviction in *State of Missouri v. Trice*, No. 18BT-CR00848-01 (36th Jud. Cir., Butler County). Thus, he is not entitled to any tolling of his one-year limitations period based on the filing of a postconviction action.

### C. Equitable Tolling

The statute of limitations in 28 U.S.C. § 2244(d) is subject to the doctrine of equitable tolling. *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) (explaining that equitable tolling may apply to an untimely 28 U.S.C. § 2254 petition "because the limitations period in § 2244(d)(1) is not a jurisdictional bar"). A petitioner seeking equitable tolling must show that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). *See also Keller v. Pringle*, 867 F.3d 1072, 1075-76 (8th Cir. 2017) ("A prisoner is entitled to equitable tolling if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented him from timely filing").

As to the first prong, the diligence that is required for equitable tolling is "reasonable diligence, not maximum feasible diligence." *Burks v. Kelley*, 881 F.3d 663, 666 (8th Cir. 2018). With regard to the second prong, there must be an extraordinary circumstance that is beyond the

prisoner's control and which rises above "a garden variety claim of excusable neglect." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017). This extraordinary circumstance must have made it impossible for the prisoner to file a petition in time. *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). Furthermore, the extraordinary circumstance must be external to the petitioner and not attributable to his actions. *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012).

Equitable tolling provides otherwise time-barred petitioners with "an exceedingly narrow window of relief." *Jihad*, 267 F.3d at 805. "The use of equitable procedures to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009). The burden is on the petitioner to demonstrate grounds warranting equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

As directed, petitioner submitted a show cause response in which he proffers various reasons for why the Court should not dismiss his case as time-barred. At no point does he argue that the Court has miscalculated the date on which his judgment became final, the date on which his limitations period expired, or the date on which he filed his federal habeas action. Rather, petitioner presents various reasons to excuse his delay. None are sufficient to warrant equitable tolling.

### i.    Filing of Form 40

Petitioner begins his show cause response by contending that he "filed [a] Form 40 from Bonne Terre Correctional Center," to which he never received a response. As previously noted, petitioner provides no case number, and the Court's review of Case.net reveals the existence of no postconviction action stemming from petitioner's conviction in *State of Missouri v. Trice*, No.

18BT-CR00848-01 (36th Jud. Cir., Butler County). Because no such case has been filed, petitioner is not entitled to the tolling provision in 28 U.S.C. § 2244(d)(2).

To the extent that petitioner seeks equitable tolling based on his purported attempt to file a Form 40 pursuant to RSMo § 24.035, he fails to provide sufficient facts to establish that such tolling is warranted. Specifically, he does not indicate when he supposedly filed his Form 40, making it impossible for the Court to know whether this submission would have affected his federal statute of limitations. That is, there is no indication that petitioner attempted to file his Form 40 within the relevant one-year period between January 29, 2021 and January 31, 2022. Furthermore, petitioner fails to demonstrate that he was diligent in his efforts to ensure that his Form 40 was properly filed in Missouri court. Based on his show cause response, it appears that he simply mailed the Form 40, and took no further action. This does not demonstrate "reasonable diligence" on petitioner's behalf, or that this was an extraordinary circumstance making it impossible for him to file his 28 U.S.C. § 2254 petition on time. Certainly, petitioner has not claimed that he was lulled into inaction by the state. *See Kreutzer*, 231 F.3d at 463. Therefore, this contention does not constitute a ground for equitable tolling.

### ii.    Murder of Family Members

Petitioner devotes the majority of his show cause response to describing the 2020 murders of two of his family members, and how that emotionally harmed him. The Court notes, however, that petitioner expressly acknowledges that these murders occurred *before* the one-year statute of limitations period began to run. More specifically, he states that the murders occurred in mid-2020, but he did not plead guilty in state court until January 19, 2021. While obviously shocking, these crimes occurred well before petitioner's judgment became final, and he does not show how they kept him from filing a 28 U.S.C. § 2254 petition in a timely manner.

Even leaving aside the timing, petitioner's vague allusions to "mental issues" and "extreme emotional suffering" are insufficient to warrant equitable tolling. For equitable tolling to apply based on a prisoner's mental condition, the prisoner must show how his condition kept him from diligently pursuing his federal rights. *See Gordon v. Arkansas*, 823 F.3d 1188, 1195-96 (8th Cir. 2016) (explaining that prisoner who was on restrictive treatment-precaution conditions for three months of his twelve-month statute of limitations period failed to show why he could not have filed his federal habeas petition in the remaining nine months). Petitioner has not done this. In other words, there is no support for the proposition that petitioner's mental condition – stemming from his family members' murders or otherwise – made it impossible for him to file a 28 U.S.C. § 2254 petition in the one year following January 29, 2021. *See Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (explaining that whether "a physical or mental impairment may support equitable tolling" depends "on its degree and duration"). Therefore, this contention does not constitute a ground for equitable tolling.

### iii.     Complaints About Circuit Court

Petitioner's show cause response also relies heavily on allegations regarding the handling of his case in circuit court. He states that his rights were violated, that his attorney withdrew, and that pro se motions he filed were not heard. Petitioner also intimates that he was coerced into taking a plea deal. All of these broad, often conclusory accusations took place *before* petitioner pled guilty on January 19, 2021, and *before* his case became final on January 29, 2021. As such, they have absolutely no bearing on petitioner's ability to timely file a 28 U.S.C. § 2254 petition between January 29, 2021 and January 31, 2022. Therefore, this contention does not constitute a ground for equitable tolling.

### iv.     Lack of Legal Knowledge

At two different places in his show cause response, petitioner appears to suggest that he failed to timely file his habeas petition due to a lack of legal knowledge. Particularly, he asserts that he was only "recently notified about habeas and requested relief," and that he addressed the "issues at hand as soon as he learned of a habeas." This belated realization is not sufficient, because a prisoner's pro se status, lack of legal knowledge or resources, or his confusion about or miscalculations of the limitations period is not adequate to warrant equitable tolling. *See Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). *See also Kreutzer*, 231 F.3d at 463 ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); and *Preston v. State*, 221 F.3d 1343 (8th Cir. 2000) (unpublished opinion) (affirming district court dismissal of habeas petition as untimely, and noting that petitioner's "unfamiliarity with federal law is not a ground for equitable tolling"). Therefore, equitable tolling is not appropriate on this basis.

### v.     Equitable Tolling Not Warranted

As discussed above, equitable tolling provides petitioner with "an exceedingly narrow window of relief." *See Jihad*, 267 F.3d at 805. The use of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Earl*, 556 F.3d at 722. The burden is on petitioner to demonstrate grounds warranting equitable tolling. *See Pace*, 544 U.S. at 418. Here, petitioner has not carried his burden. He has not shown that he has been pursuing his rights diligently, or that an extraordinary circumstance stood in his way and made it impossible for him to file his petition on time.

### D.  Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for preliminary review of a 28 U.S.C. § 2254 petition before directing the respondent to answer. Specifically, the rule states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk of court to notify the petitioner."

Having reviewed the petition and the underlying state court action, the Court has determined that the petition is untimely. Petitioner's judgment became final on January 29, 2021, meaning that his 28 U.S.C. § 2254 petition was due on or before January 31, 2022. However, he did not file the instant action until June 13, 2022, four months and thirteen days after the one-year statute of limitations had already expired. Meanwhile, petitioner has not carried his burden of establishing that equitable tolling of his limitations period is warranted. Therefore, his § 2254 petition for writ of habeas corpus must be denied and dismissed as time-barred. *See* 28 U.S.C. § 2244(d)(1)(A).

### E.  Certificate of Appealability

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or

the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED AND DISMISSED** as time-barred. *See* 28 U.S.C. § 2244(d)(1)(A). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 25th day of July, 2022.

_Ronnie L. White_
_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE